J. Daniel Fink, J.
This matter was submitted to the court upon agreed facts in accordance with section 91 of the New York City Civil Court Act.
The action is brought under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.). The plaintiff was employed as a watchman at the site of the construction of a branch of the Roosevelt Savings Bank of New York, a savings bank chartered by the State of New York and as such, genetically speaking, a local operation.
Actually the plaintiff was not in the direct employ of the Roosevelt Savings Bank but of a contractor, the defendant herein, which on behalf of the bank was building for it a branch in the Borough of Brooklyn. It is the relationship of the activities of the plaintiff as a watchman at the site of this construction work to the business of Roosevelt Savings Bank which determines his coverage or lack of coverage by the Fair Labor Standards Act. Thus it becomes necessary to consider the nature of the transactions of the bank. Was the bank engaged in interstate commerce or in the production of goods for interstate commerce! (Cf. Mitchell v. Zachry Co., 362 U. S. 310.)
It has been stipulated that at the times involved in this action it accepted deposits and sent money by bank check or money order out of the State on withdrawal orders from depositors residing outside of the State; that it accepted Federally insured mortgages on property inside and outside of the State; that it transmitted credit information concerning businesses conducted ¡within the State to persons without the State making inquiries; that it issued American Express Company travelers’ checks for .which it received a commission, apparently acting in that capacity as agent for or on behalf of American Express Company; that it sold savings bank life insurance; that it was a member of the Federal Deposit Insurance Corporation, and already had three offices within the City of New York when the construction work in question was done. Therefore, this is not to be regarded as new construction but as an enlargement of the then existing facilities of the bank.
It seems clear that none of the activities of the bank, herein-above described, constituted engagement in the production of goods for interstate commerce with the possible exception of the “issuance” of American Express Company travelers’ checks which could, of course, be used anywhere in the country or indeed in most parts of the world. Assuming arguendo that the other activities of the bank constituted an engagement in interstate commerce, although not in the production of goods for interstate commerce, and it may be noted parenthetically *869 that life insurance could be sold by the bank only to persons residing or employed within the State of New York (Banking Law, § 268), nevertheless the work of the plaintiff as a watchman in connection with the construction of the new branch of the bank was not related either to interstate commerce or to the production of goods for interstate commerce to such a degree as to bring him within the coverage of the act. As indicated, nothing which the bank did could possibly be considered as the production of goods for interstate commerce except its activities in connection with American Express Company travelers’ checks, which do not seem to have been a substantial part of its business and may be treated as the production of goods for interstate commerce only under the extremely broad view taken in Bozant v. Bank of New York (156 F. 2d 787). That case was decided in 1946. Thereafter the Fair Labor Standards Act (U. S. Code, tit. 29, § 203) was amended so as to make more specific than it had been the concept of the relationship of an employee to the production of goods for interstate commerce. (See Mitchell v. Zachry Co., 362 U. S. 310, supra.) As the act read in 1946 it stipulated that ‘ ‘ an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State.” (U. S. Code, tit. 29, § 203, subd. [j]; 52 U. S. Stat. 1061.) By an amendment of the act in 1949 (Oct. 26, .1949, ch. 736, § 3, subd. [b]; 63 U. S. Stat. 911), the words “closely related” were inserted immediately preceding “ process ” and the words “ directly essential ” were substituted for “ necessary ” following “occupation”. There were also other minor changes in the language with which we are not here concerned.
Concerning the limited activities of the bank in connection with the production of goods for interstate commerce, as herein-above set forth, the court cannot find that this watchman at the .site of the construction of an additional branch performed work “directly essential to the production” of goods in interstate commerce; and this is true even if the connection of the bank with the “ issuance ” of American Express Company travelers’ checks may be deemed the production of goods for interstate commerce, a proposition which is doubtful but which need not now be definitely determined. Certainly in Stoike v. First Nat. Bank (290 N. Y. 195), the activities of the First National Bank ,of the City of New York were undoubtedly more closely related to the production of goods for interstate commerce than were *870 those of the Roosevelt Savings Bank. Although the opinion in that case does not consider this matter there can be no question that the First National Bank also sold American Express Company travelers’ checks. The First National Bank, with its Nationwide and worldwide activities had more to do with other States and Nations than Roosevelt Savings Bank. Nevertheless the court, although it did not pass upon the question as to whether the First National Bank was engaged “ in the production of goods for commerce ”, held that a porter, as a maintenance employee, had no such connection with the interstate commerce activities of the bank as to bring him within the scope of the Fair Labor Standards Act.
It would be unreasonable to conclude that this plaintiff as a watchman at the time of the construction of a new branch of the Roosevelt Savings Bank by an independent contractor was concerned either with interstate commerce or engaged in the production of goods for interstate commerce. This, like every such question, is a matter of degree and must be determined as such ,(cf. Stoike v. First Nat. Bank, 290 N. Y. 195, supra; Bozant v. Bank of New York, 156 F. 2d 787, supra; Rosenberg v. Semeria, 137 F. 2d 742; Holmes v. Elizabeth Trust Co., 72 F. Supp. 182).
. Accordingly, judgment may be entered in favor of the defendant dismissing the complaint on the merits.
Execution of judgment is stayed for 30 days after service of notice of entry.